Matthias, J.
This proceeding in quo warranto was instituted in the court of appeals of Jefferson county. It was charged that the defendants usurped and unlawfully held and exercised the offices of directors of The Bertram Coal Mining Company, and that they assumed to do and per *247 form all and singular the duties pertaining to said offices, to the exclusion of Samuel C. Bigger, E. Rowland Cole, Isaac D'. Barricklow, William Johnson and Charles M. Barger, under the claim that they had been duly elected as such directors and as successors in office of the persons just named.
Issue of the validity of the election of said defendants as such directors was made by answer, and upon hearing was determined by the court of appeals favorably to the defendants, and plaintiff’s petition was dismissed. This proceeding in error is prosecuted to reverse that judgment.
The Bertram Coal Mining Company is an Ohio corporation, having its principal office and place of business in the village of Smithfield, Jefferson county, Ohio. The regulations adopted by the stockholders designate the first Monday in October of each year, at 2 o’clock, as the time, and its office at Smithfield, Ohio, as the place, for the annual meeting of the stockholders, and authorize special meetings to be held upon the call of the board of directors, or by the stockholders. The regulations further provide that the number of directors shall be five, and the election thereof held annually at the annual meeting of the stockholders, or at a special meeting called for that purpose; that the term of office shall be one year and the directors shall hold office until their successors are elected and qualified. They further provide that a written or printed notice of every regular or special meeting of the stockholders, stating the time and place thereof, and in case of special meetings, the object thereof, shall be given to the stockholders by *248 mailing the same to the last known address ten days before such meeting, “provided, however, no failure or irregularity of notice of any meetings shall invalidate the same or any proceeding thereat.”
The persons above named were elected directors of the corporation in September, 1917, and because of no election being called or held in October, 1917, they continued to hold office.
On September 27, 1918, said board of directors adopted a resolution attempting to postpone the annual meeting of the company to October 28, 1918, and notified the stockholders thereof. Ignoring the action of the board of directors,' stockholders representing a majority of the stock, and constituting a quorum as provided by the regulations of the corporation, met at the time and place provided by such regulations for the annual meeting, October 7, 1918, and elected the defendants as directors of said corporation. On October 28, 1918, the date to which the directors had attempted to postpone the annual meeting of the corporation, it is conceded that a quorum was not present and no election of directors was had or attempted.- It is claimed by the relator that failure to give notice of the annual election invalidated the election of the defendants as directors, and that because of the fact that no quorum was present on October 28th the old directors continue in office.
This action in quo warranto is based upon the contention that the election of the defendants as directors was illegal, because the annual meeting had been postponed to a subsequent date by resolu *249 tion passed by the board of directors, and because a notice in writing was not given the stockholders that such election would be held at the time and place fixed therefor by the regulations of the company. Under the provisions of our statute, Section 8701 et seq.x General Code, regulations for the government of corporations are adopted by the stockholders and can be changed or amended only by the method prescribed. The directors of a corporation may adopt by-laws for their government, but they must be. consistent with the regulations of the corporation. They have no power to amend those regulations. It follows that the resolution of the board of directors, whereby it was attempted to postpone the date of the annual meeting, which was definitely fixed in the regulations adopted by the stockholders, and which conferred no authority upon the directors relative thereto, was wholly invalid and the stockholders were therefore justified in disregarding it. The shareholders, not the board of directors, constitute the corporation. -
As we have seen, the time and place of the annual meeting and the business to be transacted, to-wit, the election of directors, was precisely fixed and stated in the regulations of the corporation, and unless further action was required by the regulations this was sufficient notice to the stockholders of such meeting and the purpose thereof. Cook on Stock and' Stockholders (3 ed.), Section 594,
The regulations do make provision for notice, but also provide that “no failure or irregularity of *250 notice of any meetings shall invalidate the same or any proceeding thereat.” Hence the requirejtnent as to notice was not mandatory, and where there is no claim or suggestion of fraud or deception the election of directors under circumstances such as are disclosed by the record will not be held invalid because no written notice was given, and that is especially true in view of the fact that the former directors, who owned substantially half of the outstanding stock, and in behalf of whom this action seems to have been instituted, had actual knowledge that the annual meeting and election was proceeding in accordance with the regulations which they had assumed authority to annul.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.